IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS ALLAN DANIEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) Case No. CIV-21-599-PRW<br>RICK WHITTEN, )<br>)<br>Respondent. ) | |

## ORDER

This case comes before the Court on U.S. Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 14), recommending that Petitioner's 28 U.S.C. § 2254 petition be dismissed. The Petition (Dkt. 1) raised three grounds for habeas relief: (1) that Petitioner was denied effective assistance of counsel when conflict counsel was not appointed for his plea withdrawal hearing; (2) that Petitioner's plea was not entered knowingly and voluntarily; and (3) that Petitioner was denied effective assistance of counsel in that counsel allowed Petitioner to enter a plea without sufficient factual basis.

In considering the Petition, Magistrate Judge Green applied the standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief following a state court adjudication on the merits is appropriate only where that adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination

1

of the facts in light of the evidence presented in the State court proceeding."[1] This is a high bar, cleared only when the state court's application of federal law is objectively unreasonable.[2] Magistrate Judge Green's Report and Recommendation (Dkt. 14) reviewed the underlying proceedings before the trial court and the adjudication made by the Oklahoma Court of Criminal Appeals and concluded that the state courts had reasonably applied governing Supreme Court precedent in regard to all of Petitioner's habeas grounds. Petitioner filed no objections to the Report and Recommendation.

This Court has reviewed Magistrate Judge Green's analysis *de novo* and agrees with the findings therein. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 14) and **DISMISSES** the Petition (Dkt. 1).[3]

**IT IS SO ORDERED** this 14th day of July 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2254(d).

[2] *See Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015).

[3] Before a habeas petitioner may appeal the dismissal of a § 2254 petition, he must obtain a Certificate of Appealability ("COA"). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reasons could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.